FILED'05 JUL 28 09:54USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DEBRA LISH,

      Plaintiff,

v.

JO ANNE B. BARNHART,
Commissioner, Social Security
Administration,

      Defendant.

Civ. No. 04-1111-AA

OPINION AND ORDER

Rory Linerud
P.O. Box 1105
Salem, OR 97308
    Attorney for plaintiff

Karin J. Immergut
United States Attorney
District of Oregon
Craig J. Casey
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204-2902

1    - OPINION AND ORDER

David J. Burdett
Special Assistant U.S. Attorney
701 Fifth Avenue, Suite 2900, M/S 901
Seattle, Washington 98104-7075
    Attorneys for defendant

AIKEN, Judge:

Plaintiff Debra Lish brings this action pursuant to the Social Security Act (the Act), 42 U.S.C. §§ 405(g) and 1383(c)(3), to obtain judicial review of a final decision of the Commissioner terminating plaintiff's Supplement Security Income (SSI) benefits under Title XVI of the Act. For the reasons set forth below, the Commissioner's decision is affirmed.

## BACKGROUND

On November 10, 1998, plaintiff applied for SSI benefits, alleging disability due to spinal conditions and effects from head injuries. Tr. 76, 82-91. Plaintiff was found disabled due to mental impairments that met listing 12.02 for organic mental disorder, and she was awarded benefits. Tr. 41. Subsequently, the Social Security Administration received an anonymous complaint that plaintiff was working and not reporting her work activity or income. Tr. 356. Upon review of plaintiff's status, the Commissioner determined that plaintiff's medical condition had improved and that neither her mental impairments nor her physical impairments prevented her from working. On July 16, 2002, plaintiff received a notice of cessation of disability informing her that benefits would cease as of that month. Tr. 56-58. The

cessation of benefits was affirmed on reconsideration. Tr. 43, 59-71.

After timely requesting a hearing, plaintiff appeared and testified before an administrative law judge (ALJ) on October 9, 2003. Tr. 380-422. Two lay witnesses and a vocational expert also appeared and testified. Plaintiff was advised of her right to legal representation but elected to represent herself at the hearing. Tr. 381-83. On November 28, 2003, the ALJ issued a decision concluding that plaintiff was not disabled within the meaning of the Act and affirming the cessation of benefits as of July 2002. Tr. 22-32. The Appeals Council denied plaintiff's request for review, and the ALJ's ruling became the final decision of the Commissioner. Tr. 7-9. Plaintiff now seeks judicial review.

Plaintiff alleges continuing disability due to spinal impairments and pain. At the time of the administrative hearing, plaintiff was forty-four years old with past relevant work as cook, waitress, cashier, bookkeeper, and pricer. Tr. 24, 84. Although plaintiff claims to have completed the eleventh grade, no records under any of her names were found at the high school she identified. Tr. 24, 161.

## STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported

by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison v. NLRB, 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982).

## COMMISSIONER'S DECISION

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Commissioner, through the ALJ, evaluated plaintiff's allegation of continuing disability under a multi-step sequential evaluation process utilized to determine whether a person's disability has ceased. See 20 C.F.R. § 416.994(b)(5)(i)-(vii). In step one, the ALJ found that plaintiff does not have an ongoing

impairment or combination of impairments that meet or equal the severity of listed impairments. Tr. 25. In step two, the ALJ found that plaintiff no longer had an organic mental impairment that was the basis of her disability, i.e, that her medical condition had improved. Tr. 25. In steps three and four, the ALJ found that plaintiff's medical improvement was related to her ability to perform work. Tr. 25. At step five, the ALJ found that plaintiff's current impairment of degenerative disc disease was severe. Tr. 29. At step six, the ALJ found that plaintiff's allegations were not credible and that she retained the residual functional capacity to perform her "past relevant work." Tr. 30-31. The ALJ thus found that plaintiff's disability had ended and did not proceed to step seven. Tr. 31-32; 20 C.F.R. § 419.994(b)(5)(vi).

**DISCUSSION**

A. <u>Hypothetical Presented to the Vocational Expert</u>

Plaintiff first argues that the ALJ erred in failing to incorporate all of plaintiff's limitations when providing a hypothetical to the vocational expert. Specifically, plaintiff maintains that the ALJ failed to include limitations found by the ALJ and examining physicians and alleged by plaintiff, including occasional reaching overhead, and standing six hours in an eight hour day, headaches, and vision difficulties.

Plaintiff contends that the ALJ's hypothetical included the

5   - OPINION AND ORDER

limitation of occasional lifting overhead rather than the more restrictive limitation of occasional *reaching* overhead. Although the ALJ stated to the vocational expert that an assessment "limits lifting overhead to only occasionally," the vocational expert considered the limitation of "overhead reaching" as noted in the assessment and found by the ALJ. Tr. 419. Therefore, limitations on the ability to reach overhead was considered by the vocational expert and found not to preclude plaintiff's past relevant work.

Plaintiff next argues that the ALJ erred in failing to include the limitation of standing for approximately six hours in an eight hour work day. Tr. 317. However, it is irrelevant whether the ALJ included this "limitation" in the hypothetical. Plaintiff's past relevant work as a waitress and cook is categorized as "light work" which encompasses the ability to stand for at least six hours in an eight hour day. Tr. 419; Social Security Ruling 83-10; Gallant v. Heckler, 753 F.2d 1450, 1454 n.1 (9th Cir. 1984).

Plaintiff also argues that the ALJ failed to include her alleged limitations regarding headaches and vision problems. While a hypothetical must set forth all of the claimant's limitations, see Magallanes v. Bowen, 881 F.2d 747, 756 (9th Cir. 1989), the ALJ need not accept every complaint if appropriate findings are made. Copeland v. Bowen, 861 F.2d 536, 540 (9th Cir. 1988).

The ALJ found that plaintiff was not credible and "had not made an issue of headaches with her medical practitioners." Tr.

6  - OPINION AND ORDER

29. The only medical evidence plaintiff cites to challenge this finding is an eye examination dated February 2004, several months after the ALJ's decision. Tr. 367-75. With respect to plaintiff's allegation of tunnel vision, the only evidence before the ALJ were plaintiff's self-reports to a physician on January 30, 2003 unaccompanied by abnormal test results. Tr. 337. While the results of the February 2004 eye exam were submitted to the Appeals Council, it found that the results revealed only "mild deficits in visual acuity" which would no more "than minimally interfere with doing the visual demands of basic work activity." Tr. 8. Other than her subjective complaints, plaintiff cites no evidence that she experienced severe headaches or vision problems.

Moreover, I find that clear, convincing, and overwhelming evidence in the record supports the ALJ's credibility finding and the rejection of her subjective complaints. See Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996). Plaintiff was the subject of an anonymous complaint regarding her unreported work activity while receiving SSI disability benefits, and the prior decision awarding benefits was reversed based on fraud. Tr. 32, 354-62. During the investigation of the complaint, plaintiff was observed performing physical activity at odds with her complaints of disabling pain. Tr. 356. Plaintiff was also reported to have owned and worked in an auto detail shop, washing and vacuuming out cars, transporting vehicles, and performing bookkeeping and billing duties. Tr. 354-

56. Upon questioning by the ALJ, plaintiff contradicted herself regarding her involvement in the business and eventually admitted that she worked once or twice a week transporting vehicles, writing out receipts, and working as a receptionist. Tr. 390-92.

Further, an examining psychologist, William Trueblood, Ph.D, diagnosed plaintiff as malingering based on a ninety-six percent likelihood that plaintiff intentionally chose wrong answers during psychological testing. Tr. 282-83. Not only did Dr. Trueblood suggest that "it may be worthwhile to inform any physicians who are evaluating [plaintiff's] physical and medical issues of the strong evidence of malingering of memory impairment," he concluded that plaintiff's "self report should not be relied upon nor should any other information that could be affected by her cooperation." Tr. 283. As noted by the ALJ, the record includes numerous inconsistencies reported to plaintiff's medical providers as well as evidence of exaggeration of physical limitations. Tr. 26, 59-60, 229-32, 241-45, 279, 335-36; Morgan v. Commissioner of Soc. Sec. Admin, 169 F.3d 595, 599-600 (9th Cir. 1999) (an ALJ may discount a claimant's testimony based upon inconsistent statements to physicians and conflicts in her testimony). Therefore, the ALJ did not err in finding plaintiff not credible and rejecting plaintiff's allegations of headaches and vision problems.

B. Development of the Record

Plaintiff argues that the ALJ failed to develop the record

regarding plaintiff's obesity and alleged vision deficits. However, plaintiff does not allege and no medical evidence suggests that plaintiff's obesity causes limitations or exacerbates plaintiff's reported limitations in ways other than those considered by the ALJ. See Celaya v. Halter, 332 F.3d 1177, 1182 (9th Cir. 2003). Further, as explained above, no evidence presented to the ALJ suggested the need for further development of plaintiff's vision problems, and the results of plaintiffs' January 2004 eye exam were considered by the Appeals Council upon appeal from the ALJ's findings. Tr. 8, 337. Therefore, I find no error in the ALJ's development of the record.

## CONCLUSION

The finding of the ALJ that plaintiff is not disabled under the Act is supported by substantial evidence in the record. Accordingly, the decision of the Commissioner is AFFIRMED, and this case is DISMISSED.

IT IS SO ORDERED.

Dated this 27 day of July, 2005.

_____
Ann Aiken
United States District Judge